Next case, United States v. Murphy on this fight. May it please the court. No one argued here that Demetrius Murphy's gun wasn't dangerous. The defense argument was more nuanced. It was that due to what was essentially a historical accident, the guidelines overemphasized magazine size, and it skewed the range too high here. So the question for this court is whether the sentencing judge considered that argument, and there's no evidence in the record that he did. The judge gave a very brief explanation of his sentence, and his only reference to the magazine size was in saying that the gun was dangerous, the magazine was dangerous. But in addressing the argument, wasn't he addressing the defense argument  Well, he would need to have addressed the argument that the guideline range was too high based on the magazine enhancement. Because the argument wasn't that the magazine wasn't dangerous. It was that the enhancement really overemphasized magazine size and created a range that was years over where it needed to be. I mean, the judge could have said, maybe as a categorical matter, that a large capacity magazine does make a pistol akin to, say, like an NFA firearm, like a machine gun or something. Or maybe he could have said that in this particular case, that Mr. Murphy's magazine created a danger that was so distinct from the simple danger created by his possession of the firearm that it warranted a much higher baseline in this case. But he didn't address that at all. And frankly, it's not clear that he even understood the nuance of the argument and that the only thing he did say was that the gun was dangerous. The judge said the extended magazine makes it that much more dangerous. That's true. Pardon? That's true. It certainly is true that an extended magazine is dangerous. But the question is how distinct and additional that danger is from the simple possession of a firearm, at least where there's not some indication or evidence. Well, that's just a matter of judgment, right? Well, yes. But the question here is whether the judge considered that argument. And without addressing it. I mean, I think on average more people are killed or wounded the larger the magazine of the gun. Isn't that? Well, Your Honor, it's not clear that that's actually true. I mean, in the recent Second Amendment case of Freedman versus City of Highland Park in this court, there was some, I mean, it's a complicated question. We said, and Highland Park said, that the larger the magazine, the more dangerous the weapon holding other things equal. There may, of course, be things about the weapon that are not equal. It may fire very small caliber ammunition. Correct. But the larger magazine makes the weapon more dangerous, all things equal. And we said that about 10 plus capacity magazines. And here the guideline under Application Note 2 deals with 15 plus capacity magazines. It would be very strange to say the district court couldn't reach the same conclusion about 15 capacity magazines that we did about 10 capacity. I certainly wouldn't argue that he couldn't reach that conclusion. Well, he did. He said the larger capacity makes it more dangerous. Sure, but the question is whether that justifies the increase in the guideline range here. The guideline is the starting point of sentencing. I'm sorry, Your Honor. I'm sorry. Don't you think a fair reading of Judge Peterson's sentencing remarks indicates that he did entertain Murphy's challenge, but he concluded that the enhancement was, in fact, appropriate on the facts of the case. What would you have liked him to do that he didn't do? Give a lower sentence. Sure, Your Honor. I mean, do research or something? No, I don't think he needs to do research. But the danger of a large capacity magazine, the bans that are coming out now, tends to be geared toward this sort of mass shooting. In a case where there is a large capacity magazine that just automatically gets the bump under the firearm. Mass shooting, you're going to feel safer if you can shoot off, you know, 15 bullets or 20 bullets, right? So it will make you more likely to brandish the gun, more likely to use it if you get into trouble. And then there are bystanders. You may accidentally shoot people if you don't intend to shoot. What more is there to say, really? Well, I mean, those weren't things that the judge said here. And I guess the... Yeah, he said it makes it much more dangerous. Everyone knows what he's talking about. Well, the large capacity magazine... What makes it more dangerous? More bullets can be shot without reloading the gun. That's obvious. Now, what more do you want the judge to say? You want him to do statistical studies of injuries by large magazine versus small magazine guns? No, Your Honor. I mean, again, the argument was really going to the appropriateness of the guidelines enhancement, so the level of the enhancement. So while large capacity magazines are dangerous, there are a lot of features of firearms, and there are a lot of different kinds of firearms that range in dangerousness. But the guidelines single out a large capacity magazine. And, in fact, if the defendant here had had a couple of 10-round magazines or several, it wouldn't have counted because you have to get over the 15-round magazine. And so the question is whether it's appropriate for that to be singled out as the one feature that the guidelines takes and makes the focus, the anchor of the federal sentencing process in a case where it comes up. It doesn't single that out. There are a number of other features of guns that make particular guns more, that are listed in the guidelines. So what's special about this? The other guns that are listed in the guidelines are guns that are illegal to own for really anyone, whereas a large capacity magazine, in most places at least, the vast majority, is legal to buy, and they're more readily available. So there's not the same level of culpability, of added culpability to the offense, where it's not like you have to go out seeking a landmine or a fully automatic machine gun, a large capacity. No, no. But if you look at the list, the list includes a number of things that don't appear to be any more serious, any more dangerous than the high-risk gun. But they are all illegal for anyone to own. So it's really the large capacity magazine is the lawful place to look at these. Well, they may be illegal because they're designed for criminal use. They don't have civilian. I don't know why you say they're illegal. Most of these are perfectly legal if they are properly registered. Sure. I'm sorry, Your Honor. If they are properly registered, which is. Right. Well, that doesn't mean the device is illegal. It just means there's a regulatory requirement. Now, I certainly understand that you wouldn't be able to register your portable rocket missile or device for launching a portable rocket or missile. But that's an extra 15 levels instead of an extra two. That's correct, Your Honor. But the distinction I'm trying to draw is between weapons that are readily available on the normal market and then because of that on the black market, it's just what's available versus things that really would take a special effort and a special additional level of culpability to find. Thank you, Your Honor. Why does a pistol grip that protrudes conspicuously beneath the action of the weapon make a rifle more dangerous? I'm not sure about that, Your Honor. You're not sure or you don't know? I don't know, Your Honor. The record in the Friedman case said because that makes it easier to spray fire into crowds. At least that's what Highland Park concluded. Sure. Thank you. Okay. Thank you, Ms. Veit. Mr. Jarosch? Please, the Court. The initial argument that the defense is making is really sort of a blanket attack on the guidelines, which as a practical matter probably is more appropriately put before the sentencing commission rather than this Court. We've held that district judges are free to disagree with the guidelines if they wish. Absolutely. And the Court was well aware they could either disregard on policy under corner. Certainly any guideline is subject to a disagreement. I understand that. So far as I can see, the district judge here agreed with this guideline. Agreed with the guideline and went specifically to the facts of this case. So what I'm saying is that you didn't need to explicitly address the disagreement that the defense was making about the blanket attack on the guideline, but rather it went to the specifics of this case, in which case we had not just a 15-round magazine. It was a 30-round magazine with 26 bullets in it. The defendant was brought up from Georgia as muscle for his brother or cousin, Reggie Goldman. He was there specifically to defend against intruders that were going to anticipate coming to the house. The Court said the gun was dangerous, said the extended magazine was dangerous, explicitly asking the defense, hey, did that magazine go with the gun? What's going on here? Yeah, it did. And the question then became, what was going to happen? And the Court ruled also that it was a dangerous and serious offense because there was a chance for a violent confrontation on that basis. So then what the Court indicated to this Court and gave assurances to this Court, that it was considering those arguments, but that the 3553A factors, including the seriousness of the offense, the need for specific and general deterrence, and the need to protect the public from the defendant, outweighed those considerations that they were giving. And as a result, the Court found that the sentence was appropriate. There was nothing procedurally incorrect in the sentence. The sentence was reasonable. Given the desperate Court's explanation, any conceivable procedural error would have not affected the guidelines. The Court gave explicit consideration to everything. There's no basis for resentencing, and the Government respectfully requests that this Court affirm the sentence. Unless there's other questions from this Court, I'm done. Okay, thank you, Mr. Feith. I'm sorry, Mr. Chair. Sorry. Ms. Feith? I'll just conclude with the district judge didn't have to accept Mr. Murphy's argument, but it did not address the argument head-on, so we're asking for resentencing. What would you have expected the judge to say? Again, the argument was about the appropriateness of the range. Whether singling out the magazine as the feature to raise the range as high as it did in this case, whether that was appropriate under the facts of this case, and the judge didn't address that at all. Thank you. Okay, thank you very much. Ms. Feith, you were appointed, were you not? I'm an employee of the Federal Defenders. Oh, you're a Federal Defender. Well, we always thank the Defenders for their efforts on behalf of their clients, and we thank Mr. Geroge as well.